# SETTLEMENT AGREEMENT

This Mutual Settlement Agreement ("Settlement Agreement") is made by and between **Chaudhry Ali** ("Plaintiff) and **Naveed Ghulam, Naheed Ghulam, Imran Ghulam, Dilawer Hussain, NIA Builders, Inc., NNT Agri Systems, LLC, ISG Poultry, and Nina's Chicken Farmhouse** ("Defendants"). The Plaintiff and Defendants are referred to together as the "Parties" in this Settlement Agreement.

## RECITALS

WHEREAS, the Plaintiff formerly lived on a property in Delaware owned by certain of the Defendants;

WHEREAS, on July 15, 2022, Plaintiff filed the lawsuit styled *Chaudhry Akhtar Ali v. Naveed Ghulam, et al.*, Civil Action No. 1:22-cv-00799-PTG-WEF (the "Lawsuit"), in the United States District Court for the Eastern District of Virginia, Alexandria Division (the "Federal Court) alleging claims against Defendants for alleged violations of the Trafficking Victims Protection Act ("TVPA"); for alleged violations of the Fair Labor Standards Act ("FLSA"); false imprisonment, and breach of contract. Plaintiff further sought various remedies, including: all damages and relief available under the TVPA and FLSA; compensatory damages; contract damages, pre-judgment and post-judgment interest; and costs and expenses, including attorney's fees, incurred in pursuing the claims against Defendants (collectively, the "Claims");

WHEREAS, Defendants have denied the allegations in the Complaint;

WHEREAS the Parties agree a bona fide dispute exists as to issues raised by the Complaint;

WHEREAS, the Parties wish to fully and finally resolve all claims, controversies, and disputes, if any, known and unknown, of any nature that the Plaintiff may have against Defendants (collectively, "Defendants") arising from or related to the Claims asserted in the Complaint, that arose before the execution of this Settlement Agreement;

WHEREAS, the Parties further wish to fully and finally resolve all claims, controversies, and disputes, if any, known and unknown, of any nature that the Defendants may have against Plaintiff, that arose before the execution of this Settlement Agreement.

NOW, THEREFORE, it is agreed as follows, in exchange for the good and valuable consideration set forth herein:

1. <u>**No Admission of Liability; No Prevailing Party**</u>. The Parties hereby acknowledge that this Settlement Agreement, and the provisions herein, are not to be construed as an admission of liability by any Party, but rather evidence a mutual desire by the Parties to avoid all potential, existing or future disagreements or controversies arising from or related to the Claims released by this Settlement Agreement. It is the Parties' intention that neither this Settlement Agreement, nor anything in this Settlement Agreement, shall be construed to be or

1

shall be admissible in any proceeding as evidence of an admission by any Party of any wrongdoing. This Settlement Agreement may be introduced, however, in any proceeding to enforce the Settlement Agreement, or any provision hereof.

2. <u>Settlement Consideration</u>: For and in consideration of the promises and other consideration described in this Settlement Agreement, and in full and final settlement of any and all Claims that the Plaintiff has against Defendants, Defendants will pay a total sum of Seventy-Five Thousand Dollars ($75,000.00) (the "Settlement Amount"). The Settlement Amount will be paid following the payment schedule set forth as follows:

a. Within ten (10) days of Court approval of this Settlement Agreement, Defendants shall make their initial payment (the "Initial Payment") of twenty-five thousand dollars ($25,000) via one check made payable to "Chaudhry Ali" in the amount of $25,000;

b. On the first day of the second month following the date of the Initial Payment, Defendants shall make their second payment (the "Second Payment") via one check in the amount of eight thousand three hundred and thirty-three dollars and thirty-four cents ($8,333.34) made payable to "Chaudhry Ali";

c. On the first day of the first month following the date of the Second Payment, Defendants shall make their third payment (the "Third Payment") via one check in the amount of eight thousand three hundred and thirty-three dollars and thirty-four cents ($8,333.34) made payable to "Chaudhry Ali";

d. On the first day of the first month following the date of the Third Payment, Defendants shall make their fourth payment (the "Fourth Payment") via one check in the amount of eight thousand three hundred and thirty-three dollars and thirty-four cents ($8,333.34) made payable to "Chaudhry Ali"

e. On the first day of the first month following the date of the Fourth Payment, Defendants shall make their fifth payment (the "Fifth Payment") via one check in the amount of eight thousand three hundred and thirty-three dollars and thirty-four cents ($8,333.34) made payable to "Chaudhry Ali";

f. On the first day of the first month following the date of the Fifth Payment, Defendants shall make its sixth payment (the "Sixth Payment") via one check in the amount of one thousand six hundred and twenty-six dollars and sixty-nine cents ($1,626.69 ) made payable to "Chaudhry Ali" and one check in the amount of six thousand seven hundred and six dollars and sixty-five cents ($6,706.65), representing attorney's fees, made payable to "Coffield PLC";

g. On the first day of the first month following the date of the Sixth Payment, Defendants shall make its seventh and final payment (the "Seventh and Final Payment") via one check in the amount of seven thousand nine hundred and thirty-one dollars and thirty-four cents ($7,931.34), representing attorney's fees, made payable to "Coffield PLC", and one check in the amount of four hundred

and two dollars ($402), representing costs, made payable to "Legal Services of Northern Virginia";

 h. Defense counsel will scan and email Plaintiff's counsel a copy of each of the above checks before delivery to Plaintiff or Plaintiff's counsel. The checks will be delivered as follows:

  (i) Each of the checks made payable to Plaintiff Chaudhry Ali will be made available for Plaintiff to pick up at defense counsel's office, with defense emailing Plaintiff's counsel a copy of each check when it is ready for pick up with a notification that it is ready for pick up;

  (ii) The checks made payable to Plaintiff's counsel Coffield PLC will be delivered to Coffield PLC, 106-F Melbourne Park Circle, Charlottesville, VA 22901, or at such other address if requested by Plaintiff's counsel;

  (iii) The checks(s) made payable to Plaintiff's counsel Legal Services of Northern Virginia will be delivered to Alexandra Lydon, Legal Services of Northern Virginia, 100 N Pitt Street, #307, Alexandria, VA 22314, or at such other address if requested by Plaintiff's counsel.

3. <u>Tax Liability</u>. Each party is responsible for their own tax liability in connection with the payments provided in this Settlement Agreement. The parties agree the Defendants will comply with the reporting requirements imposed by 26 U.S. Code § 6041 by issuing a Form 1099-MISC with box 3 completed to show total payments made under this settlement.

4. <u>Mutual General Release</u>: The Parties agree to a mutual general release as follows:

 a. For and in consideration of the Settlement Amount and other terms herein, the Plaintiff hereby fully releases, discharges, and agrees to hold harmless Defendants from, for, and against, and hereby intentionally, knowingly, and voluntarily waives, abandons, surrenders, and renounces, any and all claims, wages, demands, rights, liens, agreements, contracts, covenants, actions, suits, causes of action, obligations, debts, costs, expenses, attorneys' fees, damages, judgments, orders and liabilities of whatever kind or nature in law, equity, or otherwise, known or unknown, whether in contract, express or implied, by common law, statute, regulation, or otherwise, which the Plaintiff individually now has, or ever had as of the Effective Date against the Defendants.

 b. For and in consideration of the Settlement Amount and other terms herein, each Defendant hereby fully releases, discharges, and agrees to hold harmless Plaintiff from, for, and against, and hereby intentionally, knowingly, and voluntarily waives, abandons, surrenders, and renounces, any and all claims, wages, demands, rights, liens, agreements, contracts, covenants, actions, suits, causes of action, obligations, debts, costs, expenses, attorneys' fees, damages, judgments, orders and liabilities of whatever kind or nature in law, equity, or

otherwise, known or unknown, whether in contract, express or implied, by common law, statute, regulation, or otherwise, which any Defendant or Defendants individually or collectively now has, or ever had as of the Effective Date against the Plaintiff.

5. **Signatures and Counterparts**: Plaintiff shall execute this Settlement Agreement as a condition to receiving the checks described in Section 2 above. Counsel for the Parties shall deliver electronic copies of each signature by their clients to counsel for the opposing Parties. Electronic, facsimile, or scanned signatures shall have the same power and effect as original signatures with regard this Settlement Agreement. This Settlement Agreement may be executed independently and separately (i.e. in counterparts) by the respective Parties. If executed in counterparts, each counterpart shall be deemed to be an original, and said counterparts together shall constitute one and the same Settlement Agreement.

6. **Governing Law/Venue**: The formation, validity and performance of this Settlement Agreement shall be governed by the laws of the Commonwealth of Virginia without regard to its choice of law principles. The Parties agree that the Federal Court shall retain jurisdiction of the Lawsuit following its dismissal for purposes of enforcing the terms of this Agreement.

7. **Construction**. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. The paragraph headings contained in this Settlement Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Settlement Agreement.

8. **Agreement Contingent Upon Court Approval.** This Agreement is contingent upon the Court's approval of the proposed settlement of the Claims asserted in the Lawsuit. If the Court does not approve such settlement, then this Agreement shall be void and have no effect.

9. **Dismissal.** Plaintiff will dismiss with prejudice the Lawsuit within 10 days of Court approval of this Agreement.

10. **Confidentiality.** The Parties agree to keep confidential the terms of this Agreement, including the amount of the payment, except that the parties will file a Motion for Settlement Approval and supporting briefing with the court and the Agreement will be submitted directly to the chambers of Magistrate Judge William E. Fitzpatrick concurrent with filing the Motion for Settlement Approval. This confidentiality obligation does not apply to any situation in which the Parties are required by court order, subpoena, or otherwise required by law to disclose the terms of this Agreement, nor does the confidentiality provision preclude disclosure by the Parties for purposes of responding to an audit, tax and/or other legal compliance. This confidentiality obligation also does not apply to the Parties' spouses, partners, significant others, counsel, mental health care provider, or to any tax consultants, provided the disclosing party also discloses to such individual the existence of this confidentiality obligation and the fact that the confidentiality obligation extends to such individual as well.

11. <u>Non-disparagement</u>. The Parties agree to not disparage any other Party.

12. <u>No Contact</u>. Plaintiff on the one hand and All Defendants on the other hand agree to not have contact with each other or their immediate family members except through counsel.

13. <u>Severability</u>. Except as otherwise specified below, should any portion of this Settlement Agreement be found void, illegal, invalid, or unenforceable for any reason by a court of competent jurisdiction, the unenforceable portion shall be deemed severed from the remaining portions of this Settlement Agreement, which shall otherwise remain in full force and effect. Further, each subsection of this Settlement Agreement shall be deemed individually independent and divisible from the remaining provisions of this Settlement Agreement. If any section or subsection of this Settlement Agreement is so found to be void, illegal, invalid, or unenforceable for any reason in regard to any one or more persons, entities, or subject matters, the remaining sections and subsections shall remain in full force and effect with respect to all other persons, entities, and subject matters, with the exception that if <u>Section 2</u> is found to be void, illegal, invalid, or unenforceable for any reason, then this entire Agreement shall be void.

14. Enforcement:   The Parties agree that pursuant to *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), the Court reserves jurisdiction over this matter for the purposes of settlement enforcement.

THE PARTIES BY THEIR SIGNATURES BELOW ACKNOWLEDGE THAT THEY HAVE BEEN AFFORDED A FAIR AND REASONABLE OPPORTUNITY TO REVIEW AND UNDERSTAND THE TERMS OF THIS SETTLEMENT AGREEMENT, THAT THEY HAVE CAREFULLY READ THIS SETTLEMENT AGREEMENT, AND THAT THEY HAVE DONE SO WITH THE ASSISTANCE OF COUNSEL AND ADVISORS OF THEIR OWN CHOICE. EACH PARTY UNDERSTANDS THIS SETTLEMENT AGREEMENT'S CONTENTS AND SIGNIFIES SUCH UNDERSTANDING BY SIGNING BELOW. EACH PARTY AGREES THAT THE COVENANTS, RELEASES, RESTRICTIONS, AND REMEDIES SET FORTH HEREIN ARE FAIR AND REASONABLE AND ARE REASONABLY REQUIRED FOR THE PROTECTION OF THE INTERESTS OF ALL OF THE PARTIES. THE PARTIES EACH ACKNOWLEDGE AND AGREE THAT THEY ARE EXCHANGING AND RECEIVING MUTUAL CONSIDERATION UNDER THIS SETTLEMENT AGREEMENT AND THAT THEY ARE VOLUNTARILY AND KNOWINGLY EXECUTING AND ACCEPTING THIS SETTLEMENT AGREEMENT WITH FULL KNOWLEDGE AND UNDERSTANDING OF ITS TERMS, COVENANTS, RELEASES, RESTRICTIONS, AND REMEDIES.

IN WITNESS WHEREOF, Plaintiff has signed this Settlement Agreement below of his own free will and understanding, and each Defendant has signed below, or has caused the Settlement Agreement to be executed below by its duly authorized officer, of its own free will and understanding.

DocuSign Envelope ID: D766E55F-936E-4A26-B231-5185B606B969

| | |
|---|---|
| **NAVEED GHULAM** <br> *Signature:* NAVEED GHULAM (DocuSigned, EC24BEED83634FD...) <br> *Date:* 6/2/2023 <br> *Title:* N/A | **CHAUDHRY ALI** <br> *Signature:* Chaudhry A Ali (May 19, 2023 12:33 EDT) <br> *Date:* May 19, 2023 |
| **NAHEED GHULAM** <br> *Signature:* Naheed Ghulam <br> *Date:* 6/2/2023 <br> *Title:* N/A | |
| **IMRAN GHULAM** <br> *Signature:* [signed] <br> *Date:* 6/01/23 <br> *Title:* SELF | |
| **DILAWER HUSSAIN** <br> *Signature:* [signed] <br> *Date:* 06/02/2023 <br> *Title:* Self | |

6

| | |
|---|---|
| **NIA BUILDERS, INC.**<br><br>*NAVEED GHULAM*<br>―――――――――――――――<br>EC24BEED83634FD...<br>Signature<br><br>6/2/2023<br>―――――――――――――――<br>Date<br><br>NAVEED GHULAM<br>―――――――――――――――<br>Name<br><br>President<br>―――――――――――――――<br>Title | |
| **NNT AGRI SYSTEMS, LLC**<br><br>*[signature]*<br>―――――――――――――――<br>Signature<br><br>6/2/2023<br>―――――――――――――――<br>Date<br><br>NAHEEDA GHULAM<br>―――――――――――――――<br>Name<br><br>Member<br>―――――――――――――――<br>Title | |
| **NINA'S CHICKEN FARMHOUSE**<br><br>*[signature]*<br>―――――――――――――――<br>Signature<br><br>6/2/2023<br>―――――――――――――――<br>Date<br><br>NAHEEDA GHULAM<br>―――――――――――――――<br>Name<br><br>Member<br>―――――――――――――――<br>Title | |

7